**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUNAH MUMBI KINGORI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71227<br><br>Agency No. A079-274-788<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Eunah Mumbi Kingori, a native and citizen of Kenya, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Kingori's claim that she is a member of a social group of "persons who were persecuted by the Mungiki" because Kingori did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

The record does not compel the conclusion that Kingori suffered problems on account of her actual or imputed political opinion. *See Santos-Lemus*, 542 F.3d at 747 (evidence supported conclusion that gang victimized the petitioner for economic and personal reasons rather than on account of a protected ground); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Accordingly, her asylum claim fails.

Because Kingori did not meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

09-71227

Finally, Kingori failed to challenge the denial of her CAT claim in her opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, her CAT claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**